**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-7666**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RONNIE D. RAINEY,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
Chief District Judge.   (5:10-cr-00199-D-1)

_____

Submitted:  September 11, 2015     Decided:  September 16, 2015

_____

Before GREGORY, DUNCAN, and DIAZ, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

_____

Ronnie D. Rainey, Appellant Pro Se.  Jason Harris Cowley, Evan
Rikhye, Assistant United States Attorneys, Shailika S. Kotiya,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie D. Rainey seeks to appeal the district court's October 29, 2014 order denying his motion to reconsider the court's July 9, 2014 order that denied his filing as a successive 28 U.S.C. § 2255 (2012) motion for which Rainey failed to first obtain authorization from this court. The July 9 order also noted that, to the extent that Rainey sought relief under Fed. R. Civ. P. 59(e), he failed to show entitlement to relief under the Rule. The court's October 29 order specifically denied relief for the reasons explained in its July 9 order.

Generally an order in a § 2255 proceeding is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is

2

debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Rainey has not made the requisite showing regarding the district court's denial of his motion for relief under Rule 59(e). Accordingly, we deny a certificate of appealability and dismiss this part of the appeal.

As to that portion of the district court's order denying Rainey's Fed. R. Civ. P. 60 motion as a successive § 2255 motion, however, we recently held that no certificate of appealability is required in order for this court to address the district court's jurisdictional categorization of a Rule 60(b) motion "as an unauthorized successive habeas petition." United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015). We find no error in the district court's conclusion that Rainey sought successive § 2255 relief, without authorization from this court, and the district court therefore lacked jurisdiction to consider this motion. 28 U.S.C. § 2244(3)(A) (2012). Thus, to the extent Rainey seeks review of the district court's successiveness finding, we affirm.

DISMISSED IN PART;
AFFIRMED IN PART
